05-1438-cv
Bonilla v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of December, two thousand nine.

PRESENT:

> Pierre N. Leval,
> Peter W. Hall,
> > *Circuit Judges*,
> J. Garvan Murtha,[*]
> > *District Judge.*

_____

John Bonilla,

> *Plaintiff-Appellant*,

> v.                                                                                       05-1438-cv

United States of America, George Wright, John M. Anticev, sued in their individual capacities, Ilkiw Ihor, Buddy Murane, Frank Diaz, sued in their individual capacities,

> *Defendants-Appellees.*

_____

[*]J. Garvan Murtha, Senior Judge of the United States District Court for the District of Vermont, sitting by designation.

FOR APPELLANT:        John Bonilla, *pro se*, White Deer, Pennsylvania.

FOR APPELLEES:        Benton J. Campbell, United States Attorney, Varuni Nelson and
                      Margaret M. Kolbe, Assistant United States Attorneys, of counsel,
                      Brooklyn, New York for Appellees George Wright and John M.
                      Anticev.

                      Michael A. Cardozo, Corporation Counsel of the City of New
                      York, Larry A. Sonnenshein and Julian L. Kalkstein, of counsel,
                      New York, New York for Appellees Ilkiw Ihor, Buddy Murane,
                      and Frank Diaz.

Appeal from a judgment of the United States District Court for the Eastern District of

New York (Sifton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant John Bonilla, *pro se*, appeals a judgment of the district court granting

defendants' motion for summary judgment and dismissing his complaint brought pursuant to

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 42

U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, procedural history

of the case, and the issues on appeal.

This Court reviews a district court's grant of summary judgment on the basis of qualified

immunity *de novo*. *See Warren v. Keane*, 196 F.3d 330, 332 (2d Cir. 1999). The doctrine of

qualified immunity protects government officials from suits for money damages where "their

conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "A

qualified immunity defense is established if (a) the defendant's action did not violate clearly

established law, or (b) it was objectively reasonable for the defendant to believe that his action

did not violate such law." *Salim v. Proulx*, 93 F.3d 86, 89 (2d Cir. 1996). Although qualified

immunity is a question of law for the Court, if there are factual disputes that bear directly upon whether it was objectively reasonable for an official to believe that he was acting lawfully, these disputes must be resolved by a jury before the legal question can be addressed. *See Stephenson v. Doe*, 332 F.3d 68, 81 (2d Cir. 2003).

Here, the district court properly granted summary judgment to defendant Anticev on the basis of qualified immunity because it was undisputed that Anticev did not enter or search Bonilla's apartment. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (holding that a plaintiff in a *Bivens* action must allege that the individual defendant was personally involved in the constitutional violation). The district court also properly granted summary judgment to the remaining defendants based upon the undisputed facts that obtain with respect to the protective sweep conducted in Bonilla's apartment. These defendants are entitled to qualified immunity because there is no holding in the applicable jurisprudence dictating that their sweep violated clearly established law governing the permissible scope of such a search.

The summary judgment record showed that Bonilla had been involved with numerous accomplices in armed hijackings, and it was therefore objectively reasonable for defendants to believe that other persons might have been present in the apartment who might have had access to a weapon and who might have presented an immediate threat to the officers' safety. Additionally, to the extent that defendants' recording of the serial numbers on Bonilla's electronics equipment during the search did not fall within the protective sweep, the district court properly concluded that this conduct fell within the plain view exception to the Fourth Amendment because defendants were lawfully in the apartment, the electronics equipment was in plain view, and the officers had probable cause to believe that this equipment was stolen. *See*

*Horton v. California*, 496 U.S. 128, 136-37 (1990); *Arizona v. Hicks*, 480 U.S. 321, 325-26 (1987).

We have reviewed Appellant's remaining arguments and find them to be without merit. We need not reach Appellees' alternative basis upon which to affirm the judgment.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

By:_____